individual notes to the first corporation, evidence *held* sufficient to show that such officers of the first corporation were jointly and severally liable to it for the amount so expended.

4. WITNESSES, § 74*—*when officer of corporation incompetent witness in action by another officer.* An officer and stockholder of a corporation who, with another officer, is jointly and severally liable for the repayment of money by the corporation for stock purchased by such officers, is an incompetent witness in an action by such other officer to recover the purchase price of the stock from the estate of another person who agreed to take up such stock.

5. CORPORATIONS, § 261*—*how officers may relieve themselves from individual liability on indebtedness to corporation.* Officers of a corporation who deal with themselves as individuals have no right to relieve themselves as individuals from their liability on an indebtedness to the corporation except. upon full payment of their obligations.

---

## John C. Hahn and Amanda L. Hahn, Appellants, v. U. W. Easton, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. WIL-LIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916.

### Statement of the Case.

Bill by John C. Hahn and Amanda L. Hahn, complainants, against U. W. Easton, defendant, for the reformation of a deed and to enjoin defendant from prosecuting a suit in covenant to recover damages for an alleged breach of warranty in the deed. From a judgment for defendant, complainants appeal.

E. D. TELFORD, for appellants.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WILLIAM A. MILLS, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. REFORMATION OF INSTRUMENTS, § 12*—*when written instrument may be reformed on ground of mistake.* In order to justify the reformation of a written instrument on the ground of mistake, it is necessary that the mistake should be a mutual one and should be proven by clear and convincing evidence.

2. REFORMATION OF INSTRUMENTS, § 47*—*when evidence insufficient to warrant reformation of deed for mistake.* On a bill to correct an alleged error of a scrivener in drafting a warranty deed by inserting the word "$4700" as the amount of the incumbrance instead of "$5400," where the evidence was conflicting, and no mention of the incumbrance was made in the contract for exchange of properties, but the scrivener testified that the provision relative· to incumbrances was inserted by him at the dictation of one of complainants and, as inserted, was correct, evidence *held* insufficient to warrant reformation of the deed on the ground of mistake.

## City of Mound City, Appellant, v. Hugh A. Mason, Appellee.

1. EMINENT DOMAIN, § 224*—*when attorneys' fees, costs and expenses taxable in favor of defendant.* The proviso of Rev. St., ch. 47, sec. 10 (J. & A. ¶ 5260), relative to the payment of costs, attorneys' fees and expenses by a petitioner in eminent domain proceedings, applies only where the petition is voluntarily dismissed by the petitioner, or where the petitioner fails to pay the compensation within the time fixed by the statute and does not apply where, after a preliminary hearing, the court on motion of the defendant dismisses the same.

2. EMINENT DOMAIN, § 224*—*how statute allowing attorneys' fees should be construed.* Rev. St., ch. 47, sec. 10 (J. & A. ¶ 5260), allowing attorneys' fees under certain conditions to the defendant in eminent domain proceedings, is in derogation of the common law, and should not be construed so as to authorize the taxation thereof unless the statute clearly warrants it.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.